[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 19, 2010
JOHN LEY
CLERK

No. 10-12217
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20875-PAS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE RENE DELGADO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 19, 2010)

Before BARKETT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jose Rene Delgado appeals his mid-range guideline sentence of 45 months'

imprisonment after pleading guilty to conspiracy to possess stolen property, in

violation of 18 U.S.C. § 371, possession of stolen goods, in violation of 18 U.S.C. § 659, conspiracy to interfere with commerce by extortion, in violation of 18 U.S.C. § 1951(a), and interference with commerce by extortion, in violation of 18 U.S.C. § 1951(a).

Along with several co-conspirators, Delgado participated in a scheme to steal, transport, and sell two containers of shrimp worth approximately $250,000. Delgado and others stole the shrimp from a transportation depot in Jacksonville and arranged for its transport to a man named Carl Cruz in Miami. Cruz arranged for the shrimp's storage and attempted to sell it, but law enforcement seized the stolen shrimp before it could be sold. Delgado did not believe Cruz that the shrimp had actually been seized, and so Delgado extorted Cruz.

On appeal, Delgado argues that his sentence was unreasonable because the district court placed undue weight on his prior conviction for dealing in stolen property to the exclusion of mitigating family circumstances.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in [18 U.S.C. §] 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). While the

2

"district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence . . . , the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citations, quotation, and alteration omitted). We ordinarily expect a sentence within the guideline range to reasonable. Talley, 431 F.3d at 788.

In this case, Delgado has not met his burden of establishing that his sentence was unreasonable. He contends that the court gave too much weight to his prior conviction for dealing in stolen property, but the court's reliance on that prior conviction was not "unjustified." The district court properly recognized that the prior offense was similar to the instant offenses, and it therefore "demonstrate[d] recidivism." The court also pointed out that, despite receiving no jail time for that prior conviction, Delgado failed to "turn over a new leaf" and move forward. Moreover, the district court did not rely on Delgado's prior conviction to the exclusion of the other § 3553(a) factors. The court pointed out that Delgado expressed no remorse for the theft victims, failed to recognize the health risks that his operation imposed on potential shrimp consumers, and physically struck Cruz and threatened his family. Furthermore, and contrary to Delgado's contention, the district court did consider (and even sympathize with)

his family circumstances, but nonetheless found that Delgado should have thought of his family before committing the offenses.  Because Delgado has not shown that the district court abused its discretion, we affirm his sentence.

**AFFIRMED.**